UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KENNETH HICKMAN-BEY, *et al*, § <br> § <br> Plaintiffs, § <br> VS. §    CIVIL ACTION NO. 2:13-CV-266 <br> § <br> BRAD LIVINGSTON, *et al*, § <br> § <br> Defendants. § | |

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Hickman-Bey is a Muslim inmate assigned to the McConnell Unit of TDCJ-CID. He alleges in this lawsuit filed pursuant to 42 U.S.C. § 1983 that defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc, *et seq.,* as well as his First Amendment Right to practice his Muslim faith by enforcing a policy requiring him to be clean shaven (D.E. 1). This case was transferred from the Western District of Texas, and pending is Plaintiff's motion for reconsideration of the order entered in that court denying him appointment of counsel (D.E. 35). Hickman-Bey requests appointment of counsel for purposes of pursuing class certification of the issues in this case (*Id.*).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v.

Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. The case is fairly simple. Plaintiff seeks to invalidate TDCJ's policy that he be clean shaven because his Muslim faith requires him to wear a beard. Though serious, at this stage of the case plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. The case has not been set for trial; in fact dispositive motions are not due until February of next year.

Plaintiff seeks appointment of counsel for purposes of pursuing class certification. Plaintiff is not a lawyer, and he is not in a position to determine whether class

certification is appropriate, nor is he able to represent other Muslim inmates. Plaintiff is adequately representing his own interests in this lawsuit. The Court is in the best position to determine whether appointment of counsel for purposes of a class action is appropriate, and will do so if required.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for reconsideration of the order denying him appointment of counsel (D.E. 35) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds, particularly if the case is scheduled for trial.

ORDERED this 18th day of October, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE