UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH HICKMAN-BEY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-266 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY

Before the Court is Defendants' Motion to Stay Preliminary Injunction (D.E. 53). For the following reasons, Defendants' motion to stay is DENIED, and Defendants are again ordered to refrain from enforcing the TDCJ's no-beard policy as to Plaintiff Kenneth Hickman-Bey, TDCJ No. 665874, and to permit him to wear at least a quarter-inch beard.

**I.   Jurisdiction.**

The Court has federal question jurisdiction over this action. 28 U.S.C. § 1331.

**II.   Background facts and proceedings.**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit in Beeville, Texas. On January 20, 2012, Plaintiff filed this § 1983 civil rights complaint alleging that Defendants were violating his right to exercise his Islamic faith by forcing

him to shave his beard.[1] (D.E.1-3). In particular, Plaintiff claims that the TDCJ's grooming policy requiring all inmates to be clean-shaven violates his First Amendment right to the free exercise of his religion, his Fourteenth Amendment right to equal protection, and his statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(a).

Beginning March 20, 2012, this case was stayed while the Fifth Circuit considered a similar challenge to the TDCJ's no-beard policy in *Garner v. Gutierrez,* 713 F.3d 237 (5th Cir. 2013).[2] (*See* D.E. 14).

On April 2, 2013, the Fifth Circuit affirmed *Garner* and specifically found that the TDCJ had failed to carry its RLUIPA burden that the no-beard policy is the least restrictive means of furthering the compelling governmental interests of security and costs. *Garner,* 713 F.3d at 247.

On July 12, 2013, Plaintiff filed a motion for a preliminary injunction arguing that the *Garner* decision effectively holds that the TDCJ's no-beard policy violates RLUIPA and therefore, Plaintiff should be permitted to grow and maintain a quarter-inch beard

---

[1] A more detailed description of the procedural background of this case is set forth in the Court's Order Granting Plaintiff's Motion for a Preliminary Injunction (D.E. 49), entered December 20, 2013, and need not be repeated herein.

[2] In the *Garner* bench trial, Offender Garner successfully demonstrated to the trial court that the no-beard policy imposed a substantial burden on his religious exercise in violation of RLUIPA, and the TDCJ did not oppose this finding. The burden then shifted to the TDCJ to establish that the no-beard policy "is in furtherance of a compelling governmental interest" and is the least restrictive. *See* 42 U.S.C. § 2000cc-1(a). The TDCJ argued that the no-beard policy is essential to the compelling government interest of prison security because it aids in prisoner identification, eliminates a means to secret contraband, and makes alteration of appearance more difficult in the event of an escape; the TDCJ also argued that the no-beard policy was more cost efficient. Judge Hudspeth rejected these arguments and found plaintiff's rebuttal evidence more compelling. (*See* Case No. 2:06-cv-218, D.E. 153, Memorandum Opinion and Order).

without fear of a disciplinary action or other punishment. (D.E. 22).  Defendants opposed the proposed injunctive relief arguing that the *Garner* decision was limited in scope and applies only to Mr. Garner.  (D.E. 25).

On December 20, 2013, the Court granted Plaintiff's motion for a preliminary injunction and enjoined Defendants from enforcing the no-beard policy as to Plaintiff. (D.E. 49).  In addition, the Court enjoined Defendants from retaliating against or harassing Plaintiff as it concerns his wearing of a quarter-inch beard. *Id.* On that same date, Defendants filed their Notice of Interlocutory Appeal of the Preliminary Injunction Order.  (D.E.52).

On December 23, 2013, Defendants filed the instant Motion to Stay Preliminary Injunction.  (D.E. 53).  Defendants request that the December 20, 2013 Preliminary Injunction Order allowing Plaintiff to wear a quarter-inch beard be stayed "in order to maintain the *status quo* of the parties until such time the Fifth Circuit rules upon [sic] Defendants' interlocutory appeal." *Id.*, p. 2.

## III. Discretionary stay.

In determining whether a discretionary stay should be granted, a district court employs a four-factor test that examines: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay]." *See Weingarten Realty Investors v. Miller,* 661 F.3d 904, 910 (5th Cir. 2011) (quoting *Hilton v. Braunskill,* 481 U.S. 770 (1987)). The stay applicant has the burden of

establishing that a stay is warranted. *State of Tex. v. U.S. Forest Serv.,* 805 F.2d 524, 525 (5th Cir. 1986) (per curiam); *Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir. 1982). To meet this burden, the stay applicant must satisfy each of the four *Hilton* factors. *See Arnold v. Garlock, Inc.,* 278 F.3d 426, 438-39 (5th Cir. 2001).

Defendants fail to address the four *Hilton* factors to establish that the desired stay is justified and necessary, instead arguing only that a stay would maintain the status quo. However, as discussed in the December 20, 2013 Preliminary Injunction Order, maintaining the purported status quo in this case amounts to a continuous violation of Plaintiff's free exercise rights under RLUIPA and amounts to irreparable harm. *See Opulent Life Church v. City of Holly Springs,* 697 F.3d 279, 288 (5th Cir. 2012) ("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). Indeed, maintaining the status quo would force Plaintiff to choose between violating his sincerely held religious beliefs or facing disciplinary action or other punishments.

Moreover, in addition to irreparable harm, Plaintiff established a likelihood of success on the merits on his RLUIPA claims based on the *Garner* decisions, and both the trial court and the Fifth Circuit found no credible evidence that the TDCJ would suffer harm if it is enjoined from enforcing the no-beard policy as to Muslim inmates seeking to wear a quarter-inch beard. Finally, as discussed in the Preliminary Injunction Order, the public interest is best served when prison policy is the least restrictive means of enforcing a compelling governmental interest, and the Fifth Circuit has expressly held that the no-

beard policy is not the least restrictive means of ensuring the TDCJ's security and economic concerns.

## IV. Conclusion.

Defendants have failed to establish the four factors necessary to justify a stay of the Preliminary Injunction Order, and accordingly, Defendants' Motion to Stay Preliminary Injunction (D.E. 53) is DENIED.

ORDERED this 31st day of December, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE